USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIE SHILLER, BRIAN KORNRUMPF, HALSEY RICHARTZ, AMNON MELZER, RYAN TREAT, GEOFF FRINK, JEREMY GRAINGER, RANDY CORAN, BRIAN DUBS, GUY ZILBER, CURTIS HALE, DIRK WEILER-THELEMANN, DARRELL SMITH, CHAD MIELKE, and ROBERT CHRISTIANSEN,

Plaintiffs,

-against-

CHAD BARRAFORD, JOHN-PAUL THORBJORNSEN, and NINE REALMS, INC.,

Defendants.

25-cv-10287 (MKV)

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is Plaintiffs' motion seeking authorization pursuant to Federal Rule of Civil Procedure 4(f)(3) for alternative service on Defendant John-Paul Thorbjornsen, an Australian citizen. *See* [ECF No. 56] ("Mot."). In support, Plaintiffs have filed a memorandum of law ("Mem."), [ECF No. 57], and a Declaration of Benjamin F. Cooper, Esq., with attached exhibits, [ECF No. 58], that details Plaintiffs admittedly extensive efforts over the course of three months to effectuate service on Thorbjornsen, including hiring a surveillance team to monitor his movements, sending multiple process servers to his residence, and requesting that he agree to electronic service by email. Mem. at 4-8, 10-12. Plaintiffs cite to the failure of these efforts and concerns regarding further delay in litigation in requesting the Court's intervention. *Id.* However, as discussed below, because Australia is a signatory to the Hague Convention and Plaintiffs have made no effort to serve Thorbjornsen pursuant to that Convention, Plaintiffs' motion for alternative service is DENIED without prejudice to renewal.

**DISCUSSION**

Plaintiffs seek to serve Defendant Thorbjornsen in Australia, a signatory to the Hauge Convention.[1] *See* Mem. at 1. Plaintiffs have not, however, attempted to serve Thorbjornsen pursuant to the Convention, and indeed claim that they "are not required to attempt service on Thorbjornsen" through such means. Mem. at 1. Although it is true that a court need not "always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service," *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012), courts in this Circuit generally first have required "(1) a showing that that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary before granting a motion for alternate service under Rule 4(f)(3)." *Pesic v. Mauritius Int'l Arb. Ctr. Ltd.*, No. 23-cv-1100 (JMF), 2024 WL 1055041, at *2 (S.D.N.Y. Feb. 6, 2024) (quoting *Social Enter. LLC v. Sociedad Agricola Cato S.A.*, No. 15-cv-4158 (RJD), 2015 WL 13743436, at *3 (E.D.N.Y. Oct. 6, 2015)) (citation modified); *U.S. v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012); *Devi v. Rajapaska*, No. 11-cv-6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (collecting cases).

Critically, courts in this district have "routinely require[d] a plaintiff to attempt to effectuate service pursuant to the Hague Convention before seeking alternative service under Rule 4(f)(3)" where, as here, a defendant's country of residence is a signatory to the Convention. *See e.g., Kaweske v. Banco Bradesco S.A.*, No. 25-cv-6588 (JLR) (RFT), 2026 WL 765610, at *2 (S.D.N.Y. Mar. 18, 2026) (denying plaintiff's motion for alternative service for failure to attempt

[1] *See Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conf. on Private Int'l L., *available at* https://www.hcch.net/en/instruments/conventions/status-table (last visited July 17, 2026).

to effectuate service through the Hague Convention); *Asia Maritime Pac. Chartering Ltd. v. Comercializadora Columbia S.A. de C.V.*, No. 22-cv-10789 (RA), 2023 WL 372880, at *2 (S.D.N.Y. Jan. 23, 2023) (same); *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Variable,* No. 20-CV-1213 (GHW), 2020 WL 13855620, at *2 (S.D.N.Y. May 13, 2020) ("Plaintiff has not attempted to use any of the methods of service under the Hague Convention. Therefore, Plaintiff has not made a showing that it 'reasonably attempted to effectuate service' on Defendants."). The Court adheres to this common district practice and therefore finds that because Plaintiffs have not attempted service on Defendant Thorbjornsen under the Hague Convention, they have not adequately shown reasonable attempts to effectuate service on him.

Plaintiffs, relying on Articles 10(b) and 10(c) of the Hague convention, argue that their previous attempts at service through a local process server were valid pursuant to Rule 4(f)(1) and are "consistent with the Hague Convention" given that Australia does not object to service through a process server.[2] Mem. at 10-12. However, in light of controlling Supreme Court precedent in *Water Splash v. Menon*, 581 U.S. 271 (2017), the Court is unpersuaded that Plaintiffs' attempts at personal service satisfy Rule 4(f)(1) and discharge their obligation to attempt service under the Hague Convention as discussed below.

As an initial matter, Rule 4(f)(1) provides that an individual may be served outside of the United States "by any internationally *agreed* means of service that is reasonably calculated to give notice, such as those *authorized* by the Hague Convention on the Service Abroad of Judicial and

---

[2] *See Declaration/Reservation/Notification (Australia)*, Hague Conf. on Private Int'l L., *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1062&disp=resdn (last visited July 17, 2026).

Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1) (emphasis added). However, although service through a local process server in a foreign country is permissible under Articles 10(b) and 10(c) of the Hague Convention,[3] provided that the destination state does not object to such service, the Supreme Court held in *Water Splash* that the Convention does not "affirmatively *authorize*" the means of service discussed in Article 10. *Water Splash*, 581 U.S. at 284 (emphasis in original). Instead, the Supreme Court instructs that the Convention "does not interfere" with such service provided it is "authorized under otherwise-applicable law." *Id.*; *see also Pesic v. Mauritius Int'l Arb. Ctr. Ltd.*, No. 23-cv-1100 (JMF), 2024 WL 1363573, at *1 (S.D.N.Y. Mar. 29, 2024).[4] Accordingly, the admittedly unsuccessful personal service attempted here would not fall within the scope of Rule 4(f)(1), even if permissible under Article 10(c), because it is not an "internationally *agreed* means of service" but merely a process that has not yet been objected to by Australia. Fed. R. Civ. P. 4(f)(1) (emphasis added); *see Pesic*, 2024 WL 1363573 at *1-2 (finding same in regard to personal service attempts on Australian defendant); *cf. Commodity Futures Trading Comm'n v. Mikkelsen*, No. 20-cv-3833 (JPC), 2021 WL 4207050, at *2 (S.D.N.Y. Aug. 27, 2021).

## **<u>CONCLUSION</u>**

For the foregoing reasons, "we find it prudent to require that a formal effort to serve defendant [under the Hague Convention] be made in the first instance, thereby ensuring that all

[3] Article 10 of the Convention states, in relevant part, that provided the destination state does not object, the Convention shall not interfere with "(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination" and "(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Hague Service Convention, art. 10(b)-(c), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.

[4] Although *Water Splash* discussed only Article 10(a), its same logic would apply equally to Articles 10(b) and 10(c) because Article 10's chapeau—"[p]rovided the State of destination does not object, the present Convention shall not interfere with"—applies equally to all of the Article's subsections. *Water Splash*, 581 U.S. at 275.

interested parties are provided notice of the suit." *Devi*, 2012 WL 309605 at *2 (citation modified) (denying motion for alternative service pursuant to Rule 4(f)(3) where plaintiffs did not make service attempts under the Hague Convention). Accordingly, because the Court does not find that Plaintiffs have made out a requisite showing that they have reasonably attempted to effectuate service on Thorbjornsen, the pending motion is DENIED without prejudice to renewal.

**SO ORDERED.**

**Date: July 20, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**